UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| EFREN MENDOZA-VARGAS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:16-cv-0048-WTL-MJD |
| DR. SAMUEL J. BYRD, et al., | ) |
| Defendants. | ) |

**Entry Discussing Complaint, Dismissing Insufficient Claims,
and Directing Service of Process**

**I. Screening**

The plaintiff, Efren Mendoza-Vargas ("Mr. Mendoza-Vargas"), has paid the initial partial filing fee. The complaint is now subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Mr. Mendoza-Vargas is incarcerated at the Wabash Valley Correctional Facility. He brings this civil rights complaint pursuant to 42 U.S.C. § 1983. Mr. Mendoza-Vargas has named the following defendants: 1) Dr. Samuel J. Byrd; 2) Nurse Jane Doe; 3) Officer John Doe; and 4) Superintendent Richard Brown. Mr. Mendoza-Vargas seeks compensatory and punitive damages.

Mr. Mendoza-Vargas alleges that the defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. He alleges that on September 27, 2015,

he suffered a serious head injury when he collided head to head with another inmate while playing soccer. Mr. Mendoza-Vargas was knocked unconscious and when he woke up, he was unable to see out of his right eye, was dizzy, had blurred vision and a severe headache, and was spitting blood. His jaw was clicking, he was bleeding from the eye, he had a two inch gash exposing his cheek bone, and was in extreme pain. At medical, defendant Nurse Jane Doe called Dr. Samuel J. Byrd and informed him of the injuries. Nurse Jane Doe told Mr. Mendoza-Vargas that he would need to get outside medical attention and receive stitches, but Officer John Doe told him he would not receive either. Nurse Jane Doe cleaned the wound and cheek bone, applied steri-strips (temporary stitches) to the cheek bone, gave him an eye patch, and prescribed antibiotics. She also said "he's Mexican. I'm not going to touch that," referring to his injury. She did not set up an appointment for him to see a doctor.

The next day, Mr. Mendoza-Vargas told a nurse he was in extreme pain. He was then seen by Dr. Byrd. After Mr. Mendoza-Vargas told Dr. Byrd of his severe pain and dizziness, Dr. Byrd told him "it's too late for stitches and you'll be fine." Although he continued to complain of severe pain and spitting blood, he was not seen by Dr. Byrd again until October 2, 2015. Dr. Byrd then ordered pain medication and x-rays.

## II. Insufficient Claims

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the United States Constitution or laws. *London v. RBS Citizens, N.A.,* 600 F.3d 742, 745-46 (7th Cir. 2010).

Any claims for damages asserted against the defendants in their official capacities are **dismissed for failure to state a claim upon which relief can be granted** because official capacity claims are, in essence, against the State, and the State (or a state agency) cannot be sued in federal

court due to Indiana's Eleventh Amendment immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

Mr. Mendoza-Vargas does not identify the individuals who allegedly denied him outside medical treatment and stitches, other than by "Officer John Doe" and "Nurse Jane Doe." Any claims asserted against these unknown individuals are **dismissed** because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). If the individuals who participated in any wrongdoing are later identified through discovery, Mr. Mendoza-Vargas may seek leave to file an amended complaint at that time if he wishes to do so. Any amended complaint would need to be complete as it would replace the original complaint in its entirety. The amended complaint would then be screened pursuant to 28 U.S.C. § 1915A(b).

Mr. Mendoza-Vargas names as defendant Superintendent Richard Brown for his failure to ensure that his staff were aware and trained to follow policy. Without personal participation and knowledge, however, there can be no recovery under 42 U.S.C. § 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010). Any claim against **Superintendent Richard Brown is dismissed** for failure to state a claim upon which relief can be granted because the complaint does not allege that he personally refused to provide Mr. Mendoza-Vargas necessary medical care.

The clerk shall **update the docket** by terminating defendants Jane Doe, John Doe, and Richard Brown. No partial final judgment shall issue as to the claims dismissed in this Entry.

### III. Claim that Shall Proceed

The claim of deliberate indifference to a serious medical need shall proceed against Dr. Samuel J. Byrd, in his individual capacity.

### IV. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c) to issue process to defendant Dr. Samuel J. Byrd in the manner specified by Rule 4(d). Process shall consist of the complaint filed on February 11, (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 3/17/16

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Efren Mendoza-Vargas, DOC #223858
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

Dr. Samuel J. Byrd
Wabash Valley Correctional Facility
6908 S. Old U.S. Highway 41
P.O. Box 500
Carlisle, IN 47838-500

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.